UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, *as legal Title Trustee for Truman 2016 SC6 Title Trust*,<br><br>Plaintiff,<br><br>v.<br><br>VALTAIR SOUZA and HADIA SOUZA,<br><br>Defendants. | Civil Action No.<br><br>18-12131 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court is plaintiff's motion to remand this foreclosure action to the Superior Court of New Jersey, Chancery Division, Union County. (ECF No. 2). Defendants oppose the motion. (ECF No. 3). The Honorable Susan D. Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions and for the reasons set forth below, the Court recommends that the motion to remand be **GRANTED**.

### I.    BACKGROUND

On January 7, 2016, plaintiff's predecessor-in-interest filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, Union County against *pro se* defendants Valtair and Hadia Souza ("the Souzas"). (Complaint, ECF No. 1-1). The complaint alleges that on May 2, 2006, the Souzas executed a promissory note in the amount of $525,000 to Countrywide Bank, N.A., secured by a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, N.A., its successors and assigns, to purchase real property in Kenilworth, New

Jersey.[1] (*Id.* ¶¶ 1-3). The complaint alleges that the Souzas defaulted on their obligations under the note and mortgage as they failed to make installment payments as of August 1, 2009. (*Id.* ¶ 7).

This case has an extensive procedural history in state court. On January 20, 2016, the Souzas answered the foreclosure complaint and asserted counterclaims. (Romano Cert., Ex. G, ECF No. 2-8). On February 3, 2016, the Souzas filed a *pro se* complaint against plaintiff's predecessor-in-interest in the Superior Court of New Jersey, Law Division, Union County, (Romano Cert., Ex. H, ECF No. 2-9), which was ultimately consolidated with the foreclosure action in the Chancery Division. (Romano Cert., Ex. K, ECF No. 2-12). The Souzas filed three motions to dismiss the foreclosure complaint, which were denied by orders dated July 12, 2016, August 24, 2016, and May 1, 2017. (Romano Cert., Exs. L, N, V, ECF Nos. 2-13, 2-15, 2-24). Plaintiff's predecessor-in-interest filed a motion for summary judgment on February 15, 2017, (Romano Cert., Ex. P, ECF No. 2-17), and the parties appeared for a non-jury trial before the Honorable Joseph P. Perfilio on February 21, 2017. Immediately following the bench trial, Judge Perfilio entered an order: (1) striking the Souzas' answer and affirmative defenses; (2) dismissing the Souzas' counterclaim with prejudice; (3) entering default against the Souzas as though no answering pleading had been filed; and (4) transferring the action to the Office of Foreclosure of the Superior Court in Trenton, New Jersey "to proceed as an uncontested matter." (Romano Cert., Ex. R, ECF No. 2-19).

---

[1] The mortgage has been assigned several times. At the time the foreclosure complaint was filed, the mortgage was held by Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3. (Complaint ¶ 2(a)-(b)). On June 30, 2017, Christiana Trust assigned the mortgage to plaintiff US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust. (Romano Cert., Ex. X, ECF No. 2-26).

2

On April 10, 2017, the Souzas filed a motion to vacate the February 21, 2017 judgment and dismiss the complaint, which Judge Perfilio denied by order dated May 1, 2017. (Romano Cert., Exs. T, V, ECF Nos. 2-21, 2-22, 2-24). Following the June 30, 2017 assignment of the Souzas' mortgage to US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, plaintiff and new counsel substituted into the foreclosure action. (Romano Cert., Exs. Y, Z, ECF Nos. 2-27, 2-28). The Souzas moved to vacate the order substituting plaintiff for its predecessor-in-interest and substituting counsel, which Judge Perfilio denied by order dated March 16, 2018. (Romano Cert., Ex. AA, ECF No. 2-29). Plaintiff then filed a motion for entry of final judgment on July 3, 2018. (Romano Cert., Ex. BB, ECF No. 2-30). The Souzas responded with a "motion to dismiss plaintiff's notice of final judgment" dated July 13, 2018. (Romano Cert., Ex. CC, ECF No. 2-31). On August 3, 2018, Judge Perfilio entered an order denying the Souzas' motion to dismiss the notice of final judgment and returning the foreclosure action to the Office of Foreclosure "for entry of final judgment." (Romano Cert., Ex. EE, ECF No. 2-33).

On July 27, 2018, while the motion for entry of final judgment was pending, the Souzas removed the instant foreclosure action to the District of New Jersey. (ECF No. 1). They additionally filed what is styled as a counterclaim against plaintiff alleging, among other things, violations of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1-13). Plaintiff now moves to remand the foreclosure action to state court so the foreclosure proceedings can be concluded.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), an action may be remanded to state court where the removal was procedurally defective or if the district court determines that it lacks subject matter jurisdiction over the action. "[T]he party asserting federal jurisdiction in a removal case bears the

burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

### A.     Timeliness

The removing party must file a notice of removal to the district court within 30 days after receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30-day removal period is "mandatory" and the Court cannot extend it. *Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007). A case may be remanded where the removing party fails to file a notice of removal within the prescribed period, provided the procedural defect is raised within 30 days of removal. *Id.*; *see* 28 U.S.C. § 1447(c); *Deutsche Bank Nat'l Trust Co. v. Onyewuenyi*, Civ. A. No. 14-3591 (WJM), 2014 WL 4354106, at *2 (D.N.J. Sept. 3, 2014).

Here, plaintiff timely filed its motion for remand 28 days after the notice of removal was filed. The removal itself, however, was untimely. The Souzas filed their answer and counterclaims in state court on January 20, 2016, and they were served formally with the summons and complaint in the foreclosure action on February 1, 2016. The Souzas filed their notice of removal in this Court on July 27, 2018, more than two years after the 30-day deadline for removal expired. Thus, the Souzas' removal was procedurally defective and the case should be remanded.

### B.     Subject Matter Jurisdiction

The notice of removal cites 28 U.S.C. §§ 1331 (federal question jurisdiction), 28 U.S.C. § 1332(d) (class action jurisdiction), and 28 U.S.C. § 1441(b) (removal based on diversity of

4

citizenship), as the bases for this Court's subject matter jurisdiction.

### 1. No Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[O]rdinarily, neither defenses nor counterclaims provide the basis for federal question jurisdiction; rather 'federal question jurisdiction must be established squarely within the four corners of the complaint for removal purposes.'" *Bayview Loan Servicing LLC v. Farzan*, Civil A. No. 17-1796 (FLW), 2017 WL 5047900, at *2 (D.N.J. Nov. 3, 2017) (quoting *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009) (alterations omitted)).

Plaintiff's January 7, 2016 complaint asserts straightforward state law claims for foreclosure of the mortgage and possession of mortgaged property located in New Jersey; no federal claims appear on the face of the complaint. To the extent the Souzas are relying on their FDCPA counterclaim to supply federal question jurisdiction, such reliance is ineffective under the well-pleaded complaint rule. Moreover, the Court notes that the underlying mortgage foreclosure matter is not a class action and has never involved defendants other than the Souzas. Thus, any attempt to premise federal question jurisdiction on an FDCPA class action "counterclaim" or 28 U.S.C. § 1332(d) is unavailing.

### 2. No Diversity Jurisdiction

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." The Souzas are citizens of New Jersey, and they reside at the mortgaged property in Kenilworth. Their attempted removal of the foreclosure action from New Jersey state court to the District of New Jersey is barred by the forum defendant rule, and remand is required.[2]

### III.  CONCLUSION

The Court recommends that the motion to remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:  November 2, 2018

*/s/ Leda D. Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:  Clerk of the Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
     All Parties

---

[2] In light of the untimeliness of the notice of removal and the lack of subject matter jurisdiction, the Court need not reach the applicability of the *Rooker-Feldman* doctrine.